UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRILLIANT SEMENOVA | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Case No. 14-cv-3413 |
| | : | |
| MARYLAND TRANSIT ADMINISTRATION | : | |
| | : | |
| Defendant | : | |

**AMENDED COMPLAINT**

**Introduction**

1. This is an action for actual, compensatory and punitive damages, and for declaratory and injunctive relief, brought under Title II of the Americans with Disabilities Act of 1991 and ADA Amendments Act of 2008 42. U.S.C. §12101 et. seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq* ("Rehabilitation Act"), and the regulations promulgated under these statutes, as well as civil rights legislation 42 U.S.C. § 1983.

**Jurisdiction and Venue**

2. The Court has subject matter jurisdiction of this case generally, under 28 U.S.C. §1331, as a matter arising under federal law, and specifically, under 42 U.S.C. §12133, as a case arising under the ADA, Rehabilitation Act and § 1983.

3. Venue is proper in the District of Maryland, as the material events and omissions giving rise to the claim are alleged to have occurred in or near Baltimore City and/or Baltimore County, Maryland.

## Parties

4. Plaintiff Brilliant Semenova ("Brilliant") is a qualified individual with a disability within the meaning of the ADA, 42 U.S.C. § 12131(2) and 42 U.S.C. § 12102 (1)(A), (2)(A), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 705(20), 794, in that she has cerebral palsy, and uses a walker and/or crutches for mobility, and who has used MTA's transit and will use the service in the future and has been and risks being further subjected to prohibited discrimination due to MTA's patterns and practices as set forth herein.

5. Defendant Maryland Transit Administration ("MTA") is an agency of the state of Maryland, with its headquarters located at 6 St. Paul Street, Baltimore, Maryland 21202, that provides "designated public transportation" in and throughout the state of Maryland, including Baltimore City and Baltimore County, in that it owns and operates a "commuter bus service" along a "fixed route system" on "buses" (as those terms are defined in 49 C.F.R. § 37.3). MTA's services are made available to the general public.

6. At all times relevant to the proceeding, MTA was a covered entity under the 42 U.S.C. § 12131(1), the Rehabilitation Act and §1983, in that it is a government entity providing services to the general public in the state of Maryland and is a recipient of federal financial assistance.

## Enforcement

7. Pursuant to 42 U.S.C. §12133 of the ADA, the Rehabilitation Act, and § 1983 an aggrieved person may commence a civil action seeking, and the Court may award actual, compensatory, and punitive damages, as well as declaratory and injunctive relief, based upon a past or impending discriminatory practice as defined therein.

8. Pursuant to 42 U.S.C. §12134 and 29 U.S.C. 794, the Attorney General was authorized to promulgate regulations to implement the purpose and intention of Title II of the ADA.

9. Pursuant to the regulations promulgated thereunder, an entity providing designated public transportation, including commuter bus service, shall not, on the basis of disability, deny to any individual with a disability the opportunity to use the entity's transportation service for the general public, if the individual is capable of using that service.

10. Pursuant to Title II of the ADA and the Rehabilitation Act, MTA is required to operate its buses in a manner to individuals with disabilities as that which is offered to individuals without disabilities, without restraint.

11. MTA is a recipient of federal financial assistance and is therefore subject to the requirements of the Rehabilitation Act and its implementing regulations, which requires MTA to operate its buses in and provide services to individuals with disabilities, such as Brilliant, in compliance with all requirements of the ADA. 49 C.F.R. §27.19. Any reference to violations of the ADA are necessarily violations of the Rehabilitation Act, such that where this complaint references ADA violations, Brilliant is simultaneously referencing violations of the Rehabilitation Act.

## Denial of Use of MTA's Transportation Service

12. At times relevant to the events set forth in the complaint, Brilliant was and is a resident of Baltimore County, eligible to use the transportation services provided by the MTA, and at times, was a student at the Catonsville Campus of the Community College of Baltimore County ("CCBC"). She utilized MTA's buses to go to and from her classes, and

continues to utilize the public transportation services provided by MTA for other transportation needs.

13. At all times relevant to the events set forth in the complaint, the drivers of the buses used by Brilliant were employees and/or authorized agents of MTA, working within the scope of their employment.

14. On numerous occasions, beginning in or about October, 2011 and continuing through the present, MTA has denied Brilliant an equal opportunity to use its commuter bus service, when its bus operators refused to lower the lift that would enable her to gain entry into the bus independently, and/or otherwise refused to assist her in getting on the bus, oftentimes leaving her stranded, even though she was otherwise capable of using the bus service.

15. Despite the issuance of a specific bulletin to its bus operators by MTA at the end of November, 2011, in which its employees were instructed to lower the lift for people who use walkers upon request, the discrimination continued, and continues to this day, as bus drivers would not lower the lift after Brilliant asked that they do so, with some going so far as to accuse her of feigning her disability and telling her to get on the bus without the use of the lift. When she has insisted that she cannot board without use of the lift, at times the operator of the bus would drive away, leaving her stranded at the bus stop.

17. The discriminatory treatment of Brilliant occurred with such frequency during her enrollment at CCBC that she ultimately was forced to withdraw from school in the summer of 2012, as her attendance record prevented her from being able to complete her course requirements and maintain her financial aid.

18. Brilliant filed a complaint with the Maryland Commission on Human Rights, but, after a mediation in October, 2013, the matter was not resolved.

19. In addition to the foregoing, there have been numerous other incidents where Brilliant was left stranded at the bus stop, as bus drivers drove off without allowing her to get on the bus, and such incidents continue to occur.

**Damages**

20. As a consequence of defendant's discriminatory conduct, as set forth herein, Brilliant has suffered humiliation, severe inconvenience, injury and harm.

21. On many occasions, too numerous to catalogue here, in a variety of weather conditions, Brilliant waited for the bus to arrive, and was refused entry onto the bus because the bus driver refused to lower the lift, or had to suffer the humiliation of being accused of faking her disability and/or being carried or otherwise assisted onto the bus by her mother or other passengers so that she could board.

22. Such conduct by MTA, its agents, and employees is ongoing and continuing, and has not been remedied.

23. As a further consequence of MTA's discrimination, Brilliant, with no reliable means of transportation to get to class, lost her financial aid eligibility, and was forced to withdraw from CCBC, thereby delaying and preventing her ability to obtain a degree and become gainfully employed.

## **Claims**

24. Brilliant re-alleges all facts and allegations in the previous paragraphs.

25. MTA's actions and omissions violate its duty to ensure that qualified individuals with a disability are not excluded from participation in or denied the benefits of its public transit services. 42. U.S.C. § 12132 and 29 U.S.C. § 794.

26. MTA's actions and omissions constitute ongoing and continuing violations of Title II of the ADA, the Rehabilitation Act, and §1983, and unless enjoined from doing so, MTA will continue to violate Title II of the ADA, the Rehabilitation Act and §1983. MTA's acts and omissions, unless enjoined, will continue to inflict irreparable injuries for which Brilliant has no adequate remedy at law.

27. MTA's violations establish a claim and the need for declaratory and injunctive relief pursuant to 42 U.S.C. § 12133, the Rehabilitation Act, §1983 and attorney's fees pursuant to 42 U.S.C. § 12205 and the Rehabilitation Act.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment against defendant, as follows:

A. Declare the defendant's practices and actions, as alleged herein, were and are discriminatory and violative of Title II of the Americans with Disabilities Act, the Rehabilitation Act and §1983;

B. Enjoin defendant and its employees, agents, successors, assigns and all other persons in active concert or participation with it, permanently, from refusing to make reasonable accommodations in its rules, policies, practices and services, where such accommodations may be necessary to afford plaintiff equal opportunity to use and enjoy the services provided by defendant;

C. Award actual and compensatory damages to plaintiff, in such amount as would fully compensate her for the injuries and damages she incurred as a result of defendant's discriminatory practice, policies and conduct;

D. Award punitive damages against defendant, as appropriate;

E. Allow plaintiff her attorneys' fees and costs incurred in this matter; and

F. Grant such other and further relief as the Court deems proper.

**DEMAND FOR JURY**

Plaintiff demands a jury for the determination of all issues so triable.

Respectfully submitted:

/s/Joel R. Zuckerman
Joel R. Zuckerman
Federal Bar No. 12730
Maxwell Barke & Zuckerman LLC
51 Monroe Place, Suite 806
Rockville, Maryland 20850
Telephone: (301)309-8300
Facsimile: (301)309-8303
zuckerman@maxlaw.us

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of March, 2017 a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and a copy was electronically served upon the following:

Julia Theresa Sweeney, Esq.
Assistant Attorney General
Offices of the Attorney General
Maryland Transit Administration
6th St. Paul Street, 12th Floor
Baltimore, Maryland 21202

/s/Joel R. Zuckerman
Joel R. Zuckerman